## SMITH v. WEBSTER.

In declaring upon a special contract the entire consideration must be set forth, and must be proved as alleged.

Where a contract consists of several engagements or promises on the part of defendant, quite distinct and separate from each other, but founded upon one and the same entire consideration, an action cannot be brought for the breach of any one of such engagements or promises, without setting forth in the declaration the entire consideration applicable to all the promises collectively.

But the rule is different in stating the defendant's promise, for here the plaintiff is only required to set forth with correctness that particular part of the contract which he alleges the defendant to have broken.

ASSUMPSIT, the declaration containing three counts, the two first on a special contract, and being similar, and the third for money had and received, and was not relied on at the trial. The second count was as follows: "In a plea of the case for that whereas the said defendant, on the fifth day of December, A. D. 1865, at Nashua, to wit, at said Haverhill, in consideration that the said plaintiff would buy of the said defendant at his special request, a certain peddler's sleigh at and for a certain large sum of money, to wit, the sum of one hundred dollars, the said defendant promised the plaintiff that the said sleigh was a complete sleigh, and the one said defendant had previously offered to sell to said plaintiff, and the same one Elliott used to run, and had not been used but two weeks since said plaintiff saw it, and was suitable for use; and the plaintiff in fact saith, that he, confiding in the said promise of said defendant, thereafterwards, on the same day did buy the said sleigh of the said defendant, at and for the said sum of one hundred dollars; yet the said defendant did not regard his promise aforesaid, but craftily and subtilely deceived the plaintiff in this, that the said sleigh at the time of making the said promise, and at the time of the said sale, was not a complete sleigh, and was not the one said defendant had previously offered to sell to said plaintiff, and was not the same one Elliott used to run, and was not suitable for use; but on the contrary was an incomplete sleigh, and was not the one said defendant had previously offered to sell to said plaintiff, and was not the same one Elliott used to run, and was unsuitable for use in this, that the running part did not belong to the body of the said sleigh, and could not be used with it, whereby the said sleigh then and there became and was of no use or value to the plaintiff."

Plaintiff lived at Hanover, and defendant at Nashua. Elliott had been in defendant's employment several years, peddling confectionery. The proof was that plaintiff paid one hundred dollars cash, for which he was to have a large peddler's sleigh and some boxes of lozenges, worth some $10. The evidence of plaintiff was reported at length as to what the trade was, and what the sleigh was to be, &c. After the plaintiff had rested his case, the defendant moved for a nonsuit for the reason of a material variance as to the price of the sleigh as proved, and as alleged in plaintiff's declaration. To obviate defendant's objection, the court gave leave to plaintiff to amend if he thought proper.

The plaintiff's counsel thinking no amendment was necessary, the court then overruled the defendant's motion for a nonsuit. To this ruling defendant excepted, and then proceeded to offer evidence in defence. The jury having returned their verdict for the plaintiff, the defendant moved to set aside the same, and for a new trial, for the reason that the court refused to allow his motion for the nonsuit. The defendant also objected to the sufficiency of plaintiff's declaration to maintain his action upon the facts as stated in the evidence.

Case reserved.

*Blaisdell*, for plaintiff.

1. There was no variance between the declaration and the proof. The contract was for the sale of the peddler's sleigh for $100. The lozenges were thrown in, not as an essential part of the contract, but to satisfy some question about the damages to the sleigh top.

But the variance, even admitting its existence, was not material. "It is sufficient to state those parts of the contract whereof a breach is complained of, or in other words to show so much of the terms beneficial to the plaintiff in a contract as constitutes the point for the failure of which he sues." 1 Chitty's Pleading, 333; *Atwood* v. *Smith*, 5 Pick. 232; Starkie Ev. 4th ed., 625; *Favor* v. *Philbrick*, 7 N. H. 326; *Webster* v. *Hodgkins*, 25 N. H. 128.

2. The plaintiff is entitled to recover damages for breach of the contract. The defendant undertook to sell to plaintiff a certain peddler's sleigh. He did not deliver the sleigh he sold. The correspondence between the parties indicated what sleigh they were negotiating about. The plaintiff sent his son to complete the negotiation and pay the consideration. It appears from George Smith's testimony of the conversation between him and the defendant at the time of sale, that they both had in mind the same sleigh referred to in the correspondence. He testifies: "I made the remark to Webster, that I did not think the runners were as good as they ought to be. Webster answered they are the same Elliott used to run." It abundantly appears that the runners delivered were not the ones Elliott used to run. The body or top was the one formerly run by Elliott, the runners were those of an entirely different sleigh.

The defendant did not deliver the sleigh he sold. He sold a sleigh; but instead of delivering a sleigh, he delivered parts of two sleighs.

*Bailey*, for defendant.

1. Putting in the lozenges was a part of the agreement, and was for a specific purpose. They were a part of the consideration. The one hundred dollars were for the sleigh and lozenges. There was a material variance. *Webster* v. *Hodgkins*, 25 N. H. 128, and cases cited; *Colburn* v. *Pomeroy*, 44 N. H. 19, and cases cited.

2. This action is for damages for a breach of contract of sale. It

is not claimed that the question of warranty enters into the case at all, and the court so ruled on the trial. Neither is the question of misrepresentation, fraud or deceit, directly or substantially material. The only question is, Did the defendant act up to the agreement as finally completed? All of the preliminary negotiations were merged in and superseded by the final contract made and completed by plaintiff's agent at Nashua upon inspection of the sleigh. That contract was to sell to plaintiff the sleigh then present and examined, and there is no question but that the identical sleigh which was at that time the subject of the contract, was delivered and accepted at Nashua. The plaintiff does not deny that he received the identical sleigh thus examined, but alleges as a breach that it was not a complete sleigh, &c., and was not the same one Elliott used to run, &c.

Now we contend that this does not amount to a breach of that contract of sale, although if the plaintiff's testimony were all true and unexplained, it might subject the defendant to damages in some other form of action. But the secret of the trouble in this transaction is indicated in the testimony of the plaintiff's son, George, when he says that "he did offer to sell the running part of the sleigh to one Bodwell, because he did not want that part, but did want the body." The "body" was really all that was referred to when the word "sleigh" was used in the whole transaction.

SARGENT, J. We think there was evidence introduced by plaintiff competent to be submitted to the jury, tending to sustain all the material allegations in the declaration.

By the bill of sale introduced by plaintiff, the defendant sold him "one peddler's sleigh." Plaintiff had a right to a sleigh, and not to parts of three several sleighs, neither one of which could be used with either of the others, for it appeared that the frame which sat upon the runners was too short for the runners by one or two feet, and that both the runners and the frame were too short and too narrow for the body.

If a man buys a mowing machine, it may be sent him in different pieces or parts, but they must be such that they are capable of being put together so as to make one machine; so of a bedstead or any article of furniture which is capable of being taken in pieces and put together again. There was here no pretence of selling the separate parts of different sleighs which could never be put together so as to make one sleigh. All the evidence tends to show that what was bought and what was sold was one sleigh. What was delivered was not one sleigh, or anything that could be put together as one sleigh, but parts of several sleighs of different sizes and kinds which could not be put together to make *the* sleigh that was sold.

Is there a variance between the contract as alleged and as proved? and is the variance material? In general a contract which is declared on as the ground of the defendant's liability must be proved substantially as alleged; and in a declaration alleging that the defendant promised to do certain things, the consideration on which the promise is founded must be proved as stated or the plaintiff will fail. 1 Ch. Pl. sec. 298,

(9th Am. Ed.) But there is a difference in the rule applied to the two sides of such a contract. Chitty states the rule (1 Ch. Pl. sec. 317,) in this way : "In stating the *consideration*, it is in all cases absolutely necessary that *the whole of the entire consideration* for the performance of the act in question should be set forth, and that when the contract has consisted of several engagements and promises quite distinct from each other, but founded on one and the same entire consideration, an action cannot be brought for the breach of any one of such engagements or promises, without setting forth in the declaration the entire consideration applicable to all the promises collectively. But," he adds, "the rule is different in stating the *defendant's promise* itself, for here the plaintiff is only required to set forth with correctness that particular part of the contract which he alleges the defendant to have broken."

According to that rule there is no variance in this case. The consideration of the defendant's promise was the payment of $100 cash, and that must be proved as stated, and was so proved. There is no controversy anywhere as to that. But in alleging the defendant's promise it is only said that he promised to sell and deliver one peddler's sleigh, and the proof is that he promised to sell and deliver one sleigh and seven boxes of lozenges. But the plaintiff does not complain that the lozenges were not delivered according to contract, but admits that they were so, but the plaintiff has set out that part of the contract which he alleges the defendant has broken, and all for which he seeks to recover damage, and that is enough. *Colburn* v. *Pomeroy*, 44 N. H. 19, and the cases cited are to the point that the *consideration* moving from the plaintiff, which is set up as the ground of the defendant's promise, must be fully stated, and must be proved as alleged, and is fully in accordance with the above rule.

*Alvord* v. *Smith*, 5 Pick. 232, is a case in point. There the plaintiff alleged that in consideration of his having transferred to defendants certain stock in a certain company, the defendants promised to pay all arrearages that then were or might become due from him to the company, and alleged a breach of this promise. On trial it was proved that in consideration of the transferring of the stock by plaintiff, defendants promised not only to pay all arrearages that then were or might become due from him to the company, but also to pay him one hundred dollars. But the court say this is no variance, because the one hundred dollars may have been paid, at least it is not claimed in this action. In this respect such actions are like actions of covenants, where, though there may be many covenants in the deed, the plaintiff may sue for the breach of either one alone.

In Greenl. Ev. secs. 67 and 68, this distinction is clearly stated, and corresponds with the above rule.

*Judgment on the verdict.*